IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| NATHAN SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 312-001 |
| | ) (Formerly CR 309-009) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 21). The Magistrate Judge recommended that Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 be denied without an evidentiary hearing. In particular, the Magistrate Judge found that four of five grounds that Petitioner asserted in his petition were procedurally defaulted and that, moreover, Petitioner failed to show either cause and prejudice or actual innocence as to any of those four claims that might warrant bypassing the procedural bar. (Doc. no. 19, pp. 7-16.) The Magistrate Judge additionally found that Petitioner's fifth ground for relief had been previously resolved by the Eleventh Circuit on direct appeal, such that it was foreclosed from re-litigation in a § 2255 petition. (Id. at 16.)

In his objections, Petitioner presents a number of conclusory arguments that exhibit his fundamental misunderstanding of the legal authorities on which the Magistrate Judge based his recommendation. Petitioner's insistence on quoting from various transcripts in the

record in the first portion of his objections is unavailing (doc. no. 21, pp. 1-3), especially in light of the fact that he does not explain how those quotes – of which the Court is already aware – have any bearing on the viability of his claims or otherwise demonstrate that those claims are not procedurally defaulted.  Petitioner's series of bullet-point objections in the subsequent portion of his filing are likewise unavailing (id. at 3-4); Petitioner appears to take issue with the Magistrate Judge's characterization of certain facts and events, but he again fails to indicate how any supposed mis-characterizations might have in any way affected the Magistrate Judge's finding that Petitioner's claims were barred.

Next, given Petitioner's belated attempt to meet the cause and prejudice standard as to Grounds One through Four (id. at 5-7), the Court finds it constructive to reiterate that Petitioner must show both cause *and* prejudice as to each claim in order to clear the procedural bar.  See United States v. Montano, 398 F.3d 1276, 1280 (11th Cir. 2005).  Thus, Petitioner's efforts in his objections to show prejudice as to each claim without also showing cause for having not filed each claim on direct appeal accomplishes nothing.  As to Petitioner's attempt to show both cause and prejudice as to his claim concerning the missing DVDs, the Court notes – as the Magistrate Judge explained (doc. no. 19, p. 10) – that Petitioner's ignorance as to the actual location of the DVDs had no bearing on his basic knowledge that they were missing.  Accordingly, Petitioner could have brought a claim on direct appeal concerning the missing DVDs without having first received confirmation that they were indeed lost.

In sum, Petitioner's objections are without merit and do not warrant departing from the conclusions in the R&R.  Any objections not explicitly discussed herein are likewise without merit. Accordingly, Petitioner's objections are **OVERRULED**, and the Report and

2

Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the instant petition brought pursuant to 28 U.S.C. § 2255 is **DENIED**.

Having determined that Petitioner is not entitled to relief on his § 2255 motion, the Court turns to the issue of whether to issue a certificate of appealability ("COA"). A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the R&R, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of the United States of America.

SO ORDERED this 24th day of April, 2013, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.